**LOTHIAN CASSIDY, LLC, and: Israel Grossman, Plaintiffs,**

v.

**LOTHIAN EXPLORATION & DEVELOPMENT II, L.P., et al., Defendants.**

**No. 12 Civ. 710(VM).**

United States District Court, S.D. New York.

Signed March 13, 2015.

Avinoam Yackov Rosenfeld, The Rosenfeld Law Office, Steven C. Berkowitz, Steven Berkowitz Attorney at Law, Brooklyn, NY, for Plaintiffs.

Ira Lawrence Herman, Gabrielle Elise Farina, Ira Lawrence Herman, Thompson & Knight, LLP, New York, NY, Robert L. Paddock, Thompson & Knight, L.L.P., Houston, TX, for Defendants.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Lothian Cassidy, LLC and Israel Grossman ("Grossman," and collectively, "Plaintiffs") filed an Amended Verified Complaint (the "Amended Verified Complaint") in New York State Supreme Court, New York County (the "State Court"), Index No. 600586/2009, against Lothian Exploration & Development II, L.P. ("LEAD II"), Lothian Energy PLC, Michael Raleigh, Paul B. Loyd, Jr., Belridge Energy Advisors, L.P., Peninsula Catalyst Fund (QP) L.P., JVL Global Energy, L.P., JVL Global Energy (QP) L.P., Navitas Fund, L.P., and Nawab Energy Partners, L.P. ("Nawab," and collectively, "Defendants"). LEAD II and Lothian Energy PLC excluded, the remaining defendants (collectively, the "Belridge Group,") removed the action to this court pursuant to 28 U.S.C. §§ 1334, 1446, and 1452. (Dkt. No. 1.) Plaintiffs moved to remand to the State Court (Dkt. No. 28), while the Belridge Group moved for the matter to be trans-

ferred to the United States District Court for the Western District of Texas (the "Texas Court"). (*See* Dkt. Nos. 9, 31.) In a Decision and Order dated January 28, 2013 (the "January 28 Order"), this Court denied Plaintiffs' motion to remand to the State Court and granted the Belridge Group's motion to transfer this action to the Texas Court (the "Transfer Order"). (*See* Dkt. No. 35.) The Court denied the Plaintiffs' subsequent motion for reconsideration. (*See* Dkt. No. 44.) The Second Circuit dismissed Plaintiffs' appeal of the January 28 Order (Dkt. No. 49) and the case was transferred to the Texas Court in December of 2013. (*See* Dkt. Minute Entries dated December 20, 2013 and December 26, 2013.)

On January 30, 2015, Plaintiffs made another motion to this Court requesting reconsideration of the January 28 Order or alternatively certification for interlocutory appeal. (*See* Dkt. Nos. 51, 52.) In a Decision and Order dated February 20, 2015 (the "February 20 Order"), this Court denied Plaintiffs' motion. (Dkt. No. 56.)

On March 9, 2015, Plaintiffs filed a motion to reconsider this Court's February 20 Order denying Plaintiffs' motion to reconsider the January 28 Order (the "Motion"). (Dkt. No. 60.)

Plaintiffs' Motion is **DENIED.**

## DISCUSSION

Plaintiffs argue in the Motion that the Texas Court "improperly applied Texas' procedural statute of limitations law resulting in a dismissal of Plaintiffs' Complaint as untimely." (Dkt. No. 61, at 3.) Plaintiffs further argue that this allegedly improper ruling by the Texas Court is a proper basis for this Court to reassert jurisdiction of this matter and find its January 28 Order transferring it void.

This is essentially the same argument the Plaintiffs made in their last motion for reconsideration (Dkt. No. 51) and the

Court is unpersuaded for the same reasons. Namely, even assuming—without deciding—that the Plaintiffs are correct that the Texas Court improperly applied the Texas statute of limitations, an improper ruling by a transferee court does not provide a basis for restoring jurisdiction to the transferor court and voiding the transfer. To hold otherwise would make the system of transferring matters between districts untenable and would force transferor district courts to consider collateral attacks on the rulings of transferee district courts. If the Plaintiffs believe the Texas Court made an improper ruling relating to the applicable statute of limitations—or any other improper ruling, for that matter—then the Plaintiffs must seek relief from that ruling in the Texas Court, or appeal the Texas Court's decision to the Court of Appeals for the Fifth Circuit.

As the Court stated in its February 20 Order, "When an action is transferred to another district, there is no way for the parties or the court to know in advance what disputes regarding not just statute of limitations, but a broad range of other applicable substantive law might arise in the transferee forum, or how that court would resolve such questions." (February 20 Order, 6.) Case in point, when the Court was considering the motion to transfer this matter to the Texas Court, neither party raised the issue of the Texas Court potentially applying a different statute of limitations. (*See* Dkt. Nos. 29, 31, 32.) It would be inefficient for transferor courts to be required to anticipate all potential disputes of applicable law the parties may have as a result of a transfer. It would be similarly inefficient for a transferor court to allow a collateral attack on the ruling of a transferee court, consider the merits, and potentially void the transfer order and undo years of litigation. The far more efficient, practicable, and proper course of action is for a party that believes a trans-

feree court made an improper ruling of law to address the dispute before the transferee court, or appeal to that court's appellate court. As such, the Plaintiffs should address any arguments alleging improper rulings of law by the Texas Court to the Texas Court itself or to the Fifth Circuit Court of Appeals.

## ORDER

For the reasons discussed above, it is hereby **ORDERED** that the motion of plaintiffs Lothian Cassidy, LLC and Israel Grossman seeking reconsideration of this Court's February 20, 2015 Order (Dkt. No. 56) is **DENIED.**

**SO ORDERED.**